IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CLIFFORD JAY AURICH,  §<br>Petitioner,  §<br>  §<br>v.  §<br>  §<br>WILLIAM STEPHENS, Director,  §<br>Texas Department of Criminal Justice,  §<br>Correctional Institutions Division,  §<br>Respondent.  § | Civil Action No. 4:14-CV-450-O |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Clifford Jay Aurich, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

In September 2003 in the 371st District Court of Tarrant County, Texas, Case No. 0886935D, a jury found Petitioner guilty of two counts of aggravated assault on a public servant with a deadly weapon and assessed his punishment at 80 years' confinement on each count. Adm. R., WR-79,587-01 writ, 94, ECF No. 6-13. Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial's court judgment, and, on November 9, 2005, the Texas Court of Criminal Appeals refused his petition for discretionary review. Adm. R., J. & Mem. Op., ECF No. 6-3; *Id.* docket sheet, ECF No. 6-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. On October 19, 2009, Petitioner filed two state-habeas applications challenging his convictions, which were denied by the Texas Court of Criminal Appeals on June 26, 2013, without a hearing or

written order on the findings of the trial court.[1]  Adm. R., WR-79,587-01 & -02 writ, ECF Nos. 6-13 & 6-17.  This federal-habeas petition challenging his convictions was filed on June 16, 2014.[2]  Pet. 10, ECF No. 1.  Petitioner raises four grounds for relief:

(1) He was denied the benefits of appeal by way of the trial court clerk's failure to transmit a complete court record of the proceedings, thereby causing appellate counsel's representation to fall below an objective standard of reasonableness;

(2) The trial court abused its discretion by failing to adequately inquire into the nature of his complaints with trial counsel and to act upon his motion to substitute counsel;

(3) The state violated the rules of evidence, denied due process and equal protection of the law and deprived Petitioner of his Sixth Amendment right to a unanimous jury verdict by discussing the range of punishment for prior convictions with the jury during voir dire; and

(4) He was denied effective assistance of appellate counsel because counsel failed to raise the issue cited under ground (3).

Pet. 6-7, ECF No. 1.

Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1).  Resp't's Prel. Answer 4-8, ECF No. 9.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody.  Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of

---

[1] A prisoner's pro se state-habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  However, Petitioner's state-habeas applications do not state the date he placed the documents in the prison mailing system.  Thus, the prison mailbox rule is not applied.

[2] Likewise, a prisoner's pro se federal-habeas petition is deemed filed when placed in the prison mailing system.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  However, Petitioner asserts that his petition was "mailed to family member who forwarded to court."  Pet. 10, ECF No. 1.  As such, the prison mailbox rule is not applied.  *See Dison v. Whitley,* 20 F.3d 185, 187 (5th Cir. 1994).

2

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's grounds involve matters occurring before or during his jury trial and on direct appeal. Pet. 6-7(b), ECF No. 1. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on February 7, 2006, triggering the one-year limitations period, which expired one year later on February 7, 2007. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, Petitioner's federal

petition was due on or before February 7, 2007, absent any tolling.

Petitioner's state-habeas applications challenging his convictions filed on October 19, 2009, after the limitations period had already expired, did not operate to toll limitations under the statute. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner concedes that his petition is untimely but asserts that he is entitled to equitable tolling of the limitations period based on the following circumstances–

(1) the state-habeas court's failure to hold an evidentiary hearing as ordered;
(2) the state-habeas court's adoption of the state's proposed findings of fact and conclusions of law as its own "created error causing tolling period to start from June 26, 2013";
(3) the state's response to his state-habeas applications was misleading and/or doctored;
(4) the state-habeas court's adoption of the state's findings of fact led the Texas Court of Criminal Appeals to believe the state's version of events and act unreasonably; and
(5) he was on "psychiatric medication" during periods of time in 2004 through 2008.

Pet'r's Reply 1-5, ECF No. 25.

These circumstances, however, are not "exceptional" such that equitable tolling is justified. The state-habeas records do not reflect that an evidentiary hearing was ordered in the state-habeas proceedings, and Respondent's statements in his preliminary answer that Petitioner's state-habeas applications were "denied without written order on the findings of the trial court *after a hearing* by

4

the Texas Court of Criminal Appeals on June 26, 2013," is merely a misstatement. Resp't's Prel. Answer 3, ECF No. 9 (emphasis added). The state court's "Action Taken" sheets clearly reflect that Petitioner's state applications were denied without written order on the findings of the trial court "without hearing." Nevertheless, alleged errors or defects in a state postconviction habeas proceeding are not cognizable on federal habeas review. *Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001); *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995). Further, for purposes of § 2244(d)(1), it is well-settled that the operative date for triggering limitations is when the conviction becomes final after direct review, not upon the completion of state habeas review. *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998). Petitioner's contention ignores § 2244(d)(1) and confuses commencement of the limitations period with statutory tolling permitted by § 2244(d)(2). Additionally, Petitioner provides no proof that any "psychiatric medication" prevented him from timely filing his petition. In fact, he admits that he has not been on any such medication for over five years. Pet'r's Reply 5, ECF No. 25. Finally, Petitioner's lengthy delay in seeking postconviction habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before February 7, 2007. His petition filed on June 16, 2014, over seven years later, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 3rd day of November, 2015.

5

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE